Tagged for Publication



**ORDERED in the Southern District of Florida on April 07, 2011.**

John K. Olson, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
**Fort Lauderdale Division**
www.flsb.uscourts.gov

**In re**:

Janet L. **Lott**,

Debtor.
_____/

Case No.: 10-35182-BKC-JKO

Chapter 13

**ORDER:**

(1) Adjudging Stuart M. Golant, Esq. in Contempt of Court;

(2) Directing Mr. Golant to Pay Previously Ordered $500 Sanction to the Clerk of Court;

(3) Directing Mr. Golant to Pay an Additional $1,000 Sanction to the Clerk of Court;

(4) Adjudging Mr. Golant to be a Danger to His Clients and the Public and Accordingly Prohibiting Mr. Golant from Practice in Any United States Bankruptcy Court;

(5) Directing Mr. Golant to Disgorge Fees;

(6) Directing Chapter 13 Trustee to Disburse No Vested Funds to Mr. Golant.

On February 11, 2011, I entered an Order to Show Cause which directed Stuart M. Golant, Esq. to appear on March 8, 2011 and show cause:

> . . . as to whether he should be sanctioned and prohibited from filing any further Bankruptcy petitions or pleadings in the Southern District of Florida. This may include suspension from practice before the Bankruptcy Court, monetary sanctions or both.

*See* [ECF No. 30]. For the reasons stated on the record at the March 8th show-cause hearing, I sanctioned Mr. Golant in the amount of $500.00 payable to the Clerk of Court by March 23, 2011. *See* [ECF No. 33]. The written sanctions order was entered on March 9th and directed Mr. Golant to serve copies of the order and file a certificate of service. *See id.*

On April 6, 2011, this case came on for a Chapter 13 plan confirmation hearing. *See* [ECF Nos. 34 & 36]. At that hearing, I raised the issue of Mr. Golant's suspension from practice by Bankruptcy Judge Laurel M. Isicoff in Miami. Mr. Golant acknowledged that Judge Isicoff did suspend him from practice but that a written order has not yet been entered.

During the conversation regarding Mr. Golant's authorization to practice in this district, it became apparent that Mr. Golant has not complied with my March 9, 2011 sanctions order. The Clerk's financial deputies verified via telephone that no sanction was paid, and the docket showed that Mr. Golant had not filed the certificate of service he was ordered to file.

Mr. Golant was defiant on the record at the April 6th Chapter 13 confirmation hearing. He argued that I had not in fact sanctioned him despite the clear language of the written order at ECF No. 33. He also threw a number of accusations at the Chapter 13 Standing Trustee, but his diatribe was largely irrelevant to the issues presented. Further, Mr. Golant's arguments were not credible in light of his stubborn arguments in the face of clearly written March 9th sanctions order and the record of the March 8th hearing. I find that Mr. Golant willfully disregarded my March 9th order imposing sanctions.

Mr. Golant did not immediately raise (either on the April 6th consent calendar or the April 6th contested calendar) the issue of Judge Isicoff's bench ruling earlier this week suspending him from practice. I raised the issue during the contested calendar because I had received information from Judge Isicoff indicating that she was swamped and would not be able to immediately enter a written order. I accordingly find that Mr. Golant willfully disregarded Judge Isicoff's bench ruling as well.

Finally, in addition to Mr. Golant's contemptuous conduct, his performance as counsel for Chapter 13 debtors is appalling. A search of CM/ECF reveals that Mr. Golant has filed fifteen Chapter 13 cases in this district since 2000. Not a single one of those Chapter 13 cases resulted in the confirmation of a Chapter 13 plan, yet Mr. Golant collected up-front fees prior to filing of at least $26,212.15 in nine of those cases and information is not readily accessible on the remaining six. *See* Case Nos. 11-11585-JKO, 10-48996-PGH, 10-35182-JKO, 10-33459-EPK, 10-20898-PGH, 09-18591-RBR, 09-14123-RBR, 09-10031-RBR, 06-10247-EPK, 01-31900-PGH, 01-27147-JKO, 01-22863-RBR, 01-21155-RBR, 01-20769-JKO, 00-23751-RBR. Two of the 2001 cases were converted to Chapter 7 and the debtors discharged, but the remainder of the cases lead me to conclude that Mr. Golant's obstinate incompetence (arguing on the record with me and the Chapter 13 Trustee rather than simply fulfilling his responsibilities) prejudices his clients. Attorneys with far higher case volumes appear before me in connection with problems in their practices much less frequently than Mr. Golant, and that is telling. I am not the only judge with disastrous Chapter 13 cases filed by Mr. Golant. One case before Judge Kimball, 06-10247-EPK, had five confirmation hearings before the case was dismissed for denial of plan confirmation. Case No. 09-10031-RBR had the same result after three confirmation hearings; 10-20898-PGH had the same result after six confirmation hearings; and Case No. 10-33459-EPK had the same result after three confirmation hearings. I find that Mr. Golant's continued practice of bankruptcy law presents a

danger to the public because he consistently collects up-front fees prior to filing Chapter 13 cases and does not carry those cases to plan confirmation.

Federal courts, including bankruptcy courts, possess inherent authority to impose sanctions against attorneys and their clients. *Ginsberg, et al. v. Evergreen Security, Ltd., et al. (In re Evergreen)*, 570 F.3d 1257 (11th Cir. 2009). A bankruptcy court may impose sanctions if a party violates a court order or rule. *Id.* Because Mr. Golant has willfully violated orders of this court and because I find his continued practice of bankruptcy law to be dangerous to the public, it is ORDERED that:

(1)  Stuart M. Golant, Esq. is in contempt of this court;

(2)  Mr. Golant may purge his contempt by:

  (a)  paying the $500 sanction previously ordered by ECF No. 33 to the Clerk of Court within seven (7) days of the entry of this order;

  (b)  paying an additional $1,000 sanction to the Clerk of Court within seven (7) days of the entry of this order;

  (c)  disgorging his $3,500.00 fee, *see* [ECF No. 15], to his client;

  (d)  reimbursing his client for the $274.00 Chapter 13 filing fee;

  (e)  paying an additional $500.00 to his client for troubling Ms. Lott to come to the courthouse more often than she should have;

  (f)  securing substitute counsel in each pending bankruptcy case and adversary proceeding in which he is counsel of record, and formally substituting counsel in each of his cases within fourteen (14) days;

  (g)  filing a Notice of Compliance with these purge provisions;

-5-

(3) Mr. Golant is prohibited from practice in any Bankruptcy Court in the United States until he petitions *within this bankruptcy case* for reauthorization, makes a showing of competence, and I enter a written order authorizing him to practice;

(4) The Chapter 13 Trustee is directed to disburse no vested funds in any pending Chapter 13 case to Mr. Golant and instead disburse those funds to debtors and/or creditors as may be appropriate in each case.

# # #

Copies to:   *The Clerk of Court is directed to provide copies of this Order to all interested parties of record including the entire creditor body.*

Additional copies to:

Adria E. Quintela, Chief Branch Discipline Counsel
The Florida Bar
Lake Shore Plaza II
1300 Concord Terrace Suite 130
Sunrise, FL 33323

The Honorable Paul G. Hyman (West Palm Beach Office) *Chief Judge*

The Honorable A. Jay Cristol (Miami Office)

The Honorable Laurel M. Isicoff (Miami Office)

The Honorable Erik P. Kimball (West Palm Beach Office)

The Honorable Robert A. Mark (Miami Office)

The Honorable Raymond B. Ray (Fort Lauderdale Office)

Katherine Gould Feldman (Miami Office) *Clerk of Court*

Joe Falzone (Miami Office) *Chief Deputy Clerk*